We move to the third case this morning, U.S. v. Washington. Good morning. Good morning. May it please the court, Christopher Carmichael on behalf of the appellant defendant, Darrius Washington. Mr. Washington was charged in this case with actual physical possession of a firearm by a felon. There were two CPD officers, Chicago police officers, who said that Mr. Washington had a gun in his hand when they saw him and that he took that weapon and threw it, and they saw him do this. And that's what he was charged with. Now, the officers did not draw their weapons. They didn't ask Mr. Washington to get on the ground. They did not behave in a way that would have indicated that they had seen a weapon from somebody. And so the government, to help bolster the officers' testimony, introduced some evidence that Mr. Washington had previously held a similar gun. And that, we believe, was error, and it affected his substantial rights. Well, the argument, I think, as I understand it, is that the 404B evidence or the evidence that was challenged on 404B grounds, the video, which didn't go to the jury, but the stills from the video did, depicts the same gun. Not just a similar gun, but the argument is it's the very same gun. And the expert testified to many data points of similarity. So at least a reasonable jury could conclude it's the same gun as a factual matter. That's just a factual argument. We're presented here with a legal argument about admissibility. Yes. So this isn't like the cases in which a prior conviction for gun possession involving different guns is admitted on a felon in possession charge to show intent or motive or knowledge, et cetera. That would clearly be an impermissible 404B invitation to the jury to draw a character propensity inference. That's not what we're talking about here. We're talking about, it's almost like an identity. It's admitted for identity purposes. Same gun. That would be a point, again, if it was a constructive possession case. Because obviously this case kind of uniquely mixes some of the constructive and actual possession issues that have come up in different cases. Because in an actual possession case, it's never been really an issue, and nor have the courts focused on it, nor did I see any cases that indicated, oh yeah, we're talking about the same gun. And obviously in the constructive possession cases, that's more important because the person doesn't have physical possession of the weapon. So they're trying to show that they had ownership or some type of control over the weapon earlier, and therefore when they find it later out of their possession, it makes sense. In this case, obviously, we've got what's a stated physical possession of the weapon. Right. I mean, the case is clearer for admission of this kind of evidence in a constructive possession case. But nothing precludes admission of evidence of possession of the same gun in an actual possession case. This is a first impression issue, as I see it. So what's the best argument? I'm not referring to prior case law since there isn't any on all fours with this one. This is squarely character propensity inference and not an identity issue that this is the same gun. So Judge, I think even this court has noted that the difference between an actual and a constructive possession is an important distinction. And in this case, I think you see the propensity evidence or the propensity issue in this case when you take a look at the evidence and such a significant amount of evidence about the similarities of the weapon and arguments including the argument by the government that, well, you were holding the gun in the video and you knew you shouldn't have been holding a gun then because you can't hold a gun. You're a felon. And I think, again, those things start to show that this is a propensity issue because the jury could easily come to a conclusion. Well, just because there's a propensity inference lurking in the background doesn't categorically mean that the evidence is inadmissible. It depends on what's at issue in the case and what the government is offering the evidence to show. And as I understand the argument in the district court's ruling is that this is, even though there is a propensity inference that is in the background in the case, that's not what the evidence is being used for here. And 404B focuses on what the evidence is being used for. And if the evidence is being used to demonstrate that this defendant owns this gun or is a permissive user of the gun, see this other evidence, that makes it more likely that the officers are right and his testimony is false that he possessed the gun on this occasion. I understand the government's push for admission below in its point here is that it shows that he had some control over the weapon, the prior possession. It's not a dominion and control case. That's the definition of constructive possession. It's an argument that this is his gun because he's on camera on YouTube making a rap video with it. See these still photos. And that evidence makes it more likely that the officers are right that they saw him pitch this same gun and he's lying. And so the context, I think, is also important of where that evidence comes from. So there's this YouTube rap video which the jury gets stills of showing Darius holding the weapon. There are multiple weapons in that video and they're being passed around a half dozen or more people, which I think distinguishes the case from a Miller-type case where you have a one-on-one interaction with someone in which someone physically has the weapon on them and pulls the weapon out and shows it to somebody. There's no evidence, and there was no evidence, that Darius brought the gun to the video or that he was the person that took it from there or that any type of that which would show that I think the control point that they're showing, just merely handling the weapon, I think makes this a bit different than the Miller-type case. And merely handling a weapon previously, I don't know that that should be sufficient to bring it in an actual possession case because there's a multitude of possibilities as to how that could have occurred, particularly in an area where there's gang activity. What you seem to want is confine it to two cops saying, this is the gun we found in the yard, we saw him throw it there, and he's going to say, no, he wasn't. And you think that's what the case should be confined to? Yes, Judge. I think that's what I gather. Yeah, we think it should have been a fair case about the actual incident. There was the cops alleged they saw him, and that's what it should come down to, is that the police officers should or should not be believed about what they saw on that particular day. And that should have been the evidence. We shouldn't have been getting into some type of earlier issues that occurred, who knows, three, six, many months beforehand, should have kept it confined to the actual point in the case, which was, did he have a gun and did he throw it in front of these police officers in broad daylight? And if the government could prevail on that, obviously, then they would be entitled to a verdict in their favor. But introducing the additional evidence helps make it appear as if the government's witnesses are more likely to be telling the truth and undermine the defense when it's an instance of, it should be an actual possession. Did he have it in his possession or not? I see a minute to my rebuttal time. Thank you, counsel. Bonamici. May it please both courts, Deborah Bonamici on behalf of the United States. The district court properly admitted the evidence that's at issue in this case, both as direct evidence of the crime or as direct evidence of the crime itself. And even if the case is analyzed under 404B, the evidence was still properly admitted. As your Honor, Judge Sykes described, the analysis here is distinct from the dominion and control analysis that applies in a constructed possession case. Here, the gun was offered to show the link between the particular gun involved in the crime itself, that is, the possession on the day in question, and the defendant's previous permissive use, if you will, of the crime. Is that because he's used as a defense? It wasn't him?  Exactly right. Recall that the defendant first defended himself in this case by saying that he didn't see the gun, didn't know anything about the gun, had no connection with the gun, I don't know anything about it. That was his first defense. Then he altered his story to say, actually, I met this friend, and this friend had this gun, and I saw him throw the gun. Both times, defendant's argument was it wasn't me who had the gun. In that context, a link between the particular gun in question and on both occasions, or on two different occasions, was definitely probative that it was he who had possessed the gun and that officers were correct, and that the defendant's statements about the occasion were not truthful. It was direct evidence of the crime itself. It also rebutted the defendant's defense. It was highly probative. Judge Mannion, you asked what you wanted here to the defense. What the defense wanted was basically to present the jury with a he said, she said situation and limit the evidence to that. That's exactly right. The response that you received was a bunch of reasons why the link that was demonstrated here between the defendant and the gun based on the photos wasn't as strong as it might be, let's say, if the gun were registered to the defendant or something like that. Let's say he was a registered owner of that gun. In that context, it's clear even in an actual possession case, or not even even, whether the possession was actual or constructive, it's clear that if the defendant was a registered owner of the gun, that evidence, the evidence of his registered ownership would definitely be admissible to show his claim. That evidence is almost never going to exist, right, in a felon in possession case? That's correct. But the defendant's permissive use of the same gun is really identical to that type of evidence for these purposes in that in both situations, the government would be presenting that evidence for a permissible reason, and that reason would not be propensity. The argument here was never that the defendant possessed a gun, any gun, a gun one time, and so he must have possessed this gun this time, or even that the defendant possessed this gun one time, so he must have possessed it on this other occasion. The argument is that the defendant had access in the sense that he was a permissive user of the gun. He either owned the gun himself, or he knew the person who owned it and was permitted to use that gun, and therefore it was more likely that he possessed the gun as the officers described. And I would also note that this case is a little bit of a hybrid case because, in fact, the officers did testify. They saw him with a gun, and they saw him throw it, and that is actual possession, but they recovered the gun from where the gun was thrown. And so in that sense, it's kind of a combination of the two facts. How long was the time between he threw it and they recovered it? No, very little time, very little time. But the point being that that is actually a common scenario. This would be a common case, and it's actually very similar to the facts of Kennedy. And in that case, again, there was an actual possession argument made, and the court in that case held that it was not plain error. Showing the link between the defendant and the particular gun. This case is held many, many times that it is an important distinction whether the gun is the particular gun, whether the evidence shows the defendant having a connection to a particular gun or just a prior possession. That is a distinction that this court has made time and time again. That is a distinction the court should make in this case because the fact that it's the same gun demonstrates that the purpose for its admission is completely different than a pure propensity purpose. For these reasons, the court has no further questions. The government would ask that this court affirm the defendant's conviction and sentence. The government's point just a minute ago was that the prior possession would be somehow direct evidence of actual possession. You know, I don't find that distinction very meaningful here. I know that that's the terminology that was used in Miller, but that's just a substitute for the old inextricably intertwined doctrine which we jettisoned because it's unhelpful. The concept that's being discussed there is just when it's part of the same course of conduct, it's direct evidence of the crime. That's not what was actually going on in Miller. That's not what's going on here. We have other bad acts evidence, and the question is, is it admitted for a particular or a permitted purpose or an impermissible character propensity purpose? And so that's really the dichotomy here. This isn't the same course of conduct, so it's not direct evidence of the criminal scheme that's at issue in the case. And that's correct. It's just a link in the evidentiary chain to make the government's case more persuasive. And then, you know, admitting it for the purpose of demonstrating access, I think shows again because access wouldn't get you there on a constructive possession case. You know, they're trying to get there on possession requires a little bit more than just pure access. I could go find a gun. They've got to demonstrate some type of indication of ownership on a constructive possession. So I think that helps show, again, the access point, that really what the purpose of it was to show that he had either this gun or a similar gun before, and therefore it was more likely that he possessed it when the police said he did. Not because he's the type of person that routinely possesses guns, but because he's identified with this particular gun, which identity is permissible purpose. But here, Judge, the identity issue I think gets a little bit mixed up. He's saying it's not me. Yes. That's an identity issue, right? Yes. Well, he's saying he didn't actually have it. You got the wrong guy. It was my buddy. Yes. That's an identity issue. Yes, Judge. But their purpose is for this theory that somehow it's access to the weapon, and I think that mixes the issue of whether he actually had possession of it or he theoretically constructively possessed it because you'd have to in part disbelieve part of the police's story, but yet accept part of their story to somehow have it be that constructive possession. Thank you. I'm going to ask that you reverse and remain. Thank you, Counsel. Thanks to both counsels. The case is taken under advisement.